UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

**CONTEST PROMOTIONS-NY LLC,**

                              Debtor.
--------------------------------------------------------x

              Chapter 11

              Case No. 11-14652

**INDEX OF DOCUMENTS FILED**
**<u>WITH CHAPTER 11 PETITION</u>**

| | |
|---|---|
| Exhibit A: | Affidavit Under Local Bankruptcy Rule 1007-2 |

| | | |
|---|---|---|
| | Schedule 1: | List of Twenty Largest Unsecured Creditors |
| | Schedule 2: | Schedule of Assets and Liabilities |
| | Schedule 3: | List of Non-Residential Real Property Leases |
| | Schedule 4: | List of Pending Actions |

| | |
|---|---|
| Exhibit B: | Corporate Resolution |
| Exhibit C: | List of Equity Interests |
| Exhibit D: | Creditor Matrix |

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

**CONTEST PROMOTIONS-NY LLC,**

                                        Debtor.
----------------------------------------------------------------x

Chapter 11

Case No. 11-14652

**AFFIDAVIT OF GARY SHAFNER**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | ) | ss: |
| COUNTY OF LOS ANGELES | ) | |

        Gary Shafner, being duly sworn, deposes and says the following under penalty of

perjury, 18 U.S.C. § 1001:

        1.      I am a Member and Authorized Signatory of Contest Promotions-NY LLC

("Contest Promotions" or the "Debtor").  In this capacity I have obtained detailed knowledge of,

and experience with, the business and financial affairs of Contest Promotions.

        2.      I submit this affidavit ("Affidavit") pursuant to Rule 1007-2 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to

assist the Court and other parties in interest in understanding the circumstances that compelled

the commencement of this Chapter 11 case on October 3, 2011 (the "Petition Date") and in

support of the Debtor's petition (the "Petition") for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").

        3.      Except as otherwise indicated, all facts set forth in this Affidavit are based

upon my personal knowledge, my discussions with members of Contest Promotions'

management and its financial and legal advisors, my review of relevant documents, information

provided to me by employees working under my supervision, or my opinion based upon my

experience, knowledge, and information concerning Contest Promotions' operations and financial affairs. If called upon to testify, I would testify to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of the Debtor.

## PRELIMINARY STATEMENT

4.      Part I of this Affidavit provides a general overview of Contest Promotions' business, history, and organizational and corporate structure. Part II conveys the circumstances giving rise to the commencement of this Chapter 11 case and the Debtor's goals in the Chapter 11 case. Finally, Part III outlines the information required by Local Bankruptcy Rule 1007-2.

## I.      THE DEBTOR'S BUSINESS

### Organizational and Corporate Structure

5.      Contest Promotions is a limited liability company organized and existing under the laws of the State of New York. The membership interests of Contest Promotions are held as follows: 16.67% interests, by each of Peter Zackery and Gary Shafner and 33.33% interests, by each of Rick Del Mastro and James R. Rodgers. The Debtor is headquartered in New York City.

### History and Description of Business

6.      Contest Promotions was formed in 2009. It is an affiliate of National Promotions Associates, LLC ("NPA"), which commenced operations in 1999 and subsequently assigned all of its rights, title and interests to Contest Promotions. Contest Promotions operates under the direction of Gary Shafner, Peter Zackery, and Rick Del Mastro, as its managers and members, and Michael Montgomery as its President.

7.     Contest Promotions is a company that develops and manages sweepstakes for small, locally-oriented, diverse businesses in order to attract customers and drive foot traffic into their locations.  The sweepstakes are financed through payments, in which the businesses share, from companies whose products are featured as part of the sweepstakes.  The products include any number of items, such as motion pictures, music, entertainment devices or food products.  Participants win prizes by entering a business and filling out a form.  The prize package may include items available inside the business where the sweepstakes is held.  No purchase is necessary; entry into the sweepstakes is free; and the businesses are serviced by Contest Promotions' staff on a weekly basis to ensure the availability of entry forms, confirm a visually pleasing presentation of the offering, and answer any questions workers, owners, managers or customers might have.  From the businesses' view, the sweepstakes draw persons into the locations, and the increased traffic results in an increase in revenue for the business and establishes goodwill with the businesses' customers and the neighborhood in which these businesses operate.

8.     The Debtor's services include providing an exterior sign promoting the business and the sweepstakes in large, bold lettering.  The sign typically includes the name of the business, the address of and other information about the business, arrows directing passers-by into the business, a depiction of the products featured in the sweepstakes, and a prominent announcement directing the viewer to enter the business, with language such as "Come Inside For A Chance To Win."  By enabling small, locally-owned businesses to offer a sweepstakes on their premises, the Debtor enables them to compete with promotional campaigns often associated with larger big-box chains with massive budgets.  This helps level the playing field between them and their nationally franchised counterparts.

9.     The sign at each establishment directs attention to the business activities at the premises, including by highlighting the sweepstakes promotions offered inside.  The signs are at street level and are less than 200 square feet.  As installed and utilized with the sweepstakes, the signs are a lawful "accessory use" under the applicable zoning provisions for the premises.  Contest Promotions carefully designs its sign panels to comply with the various sign laws and regulations enacted in the last 10 years to reduce illegal billboards.  For example, the City of New York (the "City") enacted Local Law 14 (the "Arterial Highway Billboard Law") in 2001 to control the encroachment of billboards placed on private property in areas near the City's arterial highways and larger public parks.  The Arterial Highway Billboard Law declared that certain signs "with a surface area greater than 200 square feet" are a public nuisance; it expressly exempted signs under 200 square feet. The City later enacted Local Law 31, which amended the Arterial Highway Billboard Law but kept the exemption for signs under 200 square feet.

## II.     EVENTS LEADING TO CHAPTER 11 AND CHAPTER 11 GOALS

### Debtor's Financial Difficulties

10.     Contest Promotions' financial difficulties are a direct result of concerted and systematic efforts by the City, acting through the New York City Department of Buildings (the "DOB"), to put this company and others like it out of business, despite the fact that the New York Supreme Court has confirmed that signs associated with the company's business model are lawful "accessory signs."  Specifically, with respect to Contest Promotions, the DOB has taken the position that the Debtor's postings of signage at the various establishments violate the City's zoning regulations.  The DOB continues to maintain this position despite that Contest Promotions' signs are clearly permitted by the plain language of the applicable statutes and

regulations - - a conclusion reached by the Honorable Eileen A. Rakower in a decision involving the Debtor's ongoing disputes with the DOB (as discussed below). The DOB has ignored Justice Rakower's ruling and has continued its campaign against Contest Promotions. To that end, the DOB has levied fines in excess of $1,000,000 – sometimes hitting the same location ten and twelve times with fines as high as $120,000 – against Contest Promotions and a number of property owners with whom the Debtor has agreements to provide sweepstakes and to post related accessory signage. Many, if not all, of those property owners, in turn, have asserted, or are likely to assert, claims for indemnification against Contest Promotions arising from the imposition of fines by the DOB.

11. Contest Promotions has endeavored to resolve issues concerning the fines and the conduct of its business with the DOB on a consensual basis. In early to mid-2010, the Debtor met with the representatives of the DOB on several occasions seeking a determination that signs associated with its business model were permissible accessory signs. The DOB, however, issued a determination that the signs are "advertising signs," and the imposition of fines by the DOB and the looming threat of future fines continued unabated.

12. Thereafter, the Debtor successfully sought redress in the courts of New York. In September 2010, Contest Promotions initiated a proceeding in the New York County Supreme Court against the DOB, the City and others seeking a temporary restraining order and a declaration (a) that the signs associated with Contest Promotions' business model meet the definition of an "accessory use" and, therefore, qualify as permissible signs under § 12-10 of the New York City Zoning Resolution, (b) that the DOB's enforcement regime violates the free-speech guarantees of the United States and New York constitutions, and (c) enjoining the DOB and the other respondents from classifying or fining any of the signs associated with Contest

Promotions as advertising signs, including prohibiting them from denying permit applications for such signs where the applications demonstrate conformance to the underlying zoning regulations for accessory signs.

13. The New York State Supreme Court reviewed submissions filed on behalf of the parties and heard argument on the merits of the Debtor's application. Thereafter, by order dated October 15, 2010 and a judgment dated December 10, 2010 and entered January 12, 2011, the Honorable Eileen A. Rakower ruled in favor of Contest Promotions. On September 6, 2011, the City filed appeal papers from the state court decision. The matter is scheduled to be heard before the New York State Appellate Division for the First Department in November 2011 (the "Appeal").

14. Following the October 2010 decision of the state court and continuing to date, the DOB has moved at a glacial pace on sign permit applications while it simultaneously has moved with lightning speed in striking Contest Promotions (and the business and property owners that partner with it) with crippling fines over and over again. The DOB has acted as if Justice Rakower's ruling in favor of Contest Promotions does not apply - - continuing to treat signs as "advertising signs" even though they exactly match the model that the court considered and upheld as permissible "accessory signs." The DOB and the City have tried to destroy Contest Promotions by holding up permit applications and issuing fines to Contest Promotions and to the property owners who are partners in - - and benefit significantly from - - its sweepstakes activities.

15. Contest Promotions has had to incur substantial legal expenses in seeking and obtaining relief from the New York Supreme Court (*i.e.*, Justice Rakower's ruling), defending that ruling on appeal, and appealing and bonding various individual fines within the

exacting deadlines and procedures of the applicable City administrative agencies. Contest Promotions has lost money in its operations because it has had to deal with these huge legal expenses, pay fines, and indemnify property owners. These and other challenges caused Contest Promotions to seek protection under Chapter 11.

## Chapter 11 Goals

16. Faced with a continued threat of actions by the DOB, the Debtor requires the relief afforded by the automatic stay to protect and preserve assets for the benefit of its creditors. The Debtor intends to use the respite of the Chapter 11 proceeding as a means to resolve the pending and threatened claims against the company and, hopefully, reach an accommodation to permit the Debtor to operate unabated in the future. To fund operations during the Chapter 11 case, the Debtor will be seeking approval of a consensual cash collateral facility with its pre-petition lender. Such financing sources will enable the Debtor to ensure continuity of service to its valuable customer base, thus maximizing asset values for the benefit of its creditors and estate while a framework for the conduct of its business can be formulated and implemented. By seeking bankruptcy protection, Contest Promotions will be able to protect, preserve and maximize the value of its assets and business for the benefit of the estate, its creditors and employees.

## III. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

17. It is my understanding that Local Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

18. This case was not originally commenced under Chapter 7, 9, 12, 13 or 15 of the Bankruptcy Code.

19. No committee of creditors has been formed in this case to date.

20.     **Schedule 1**, annexed hereto, sets forth a list of the names, addresses, contact persons, and amount of claims of the holders of the twenty (20) largest unsecured creditors, excluding insiders, against the Debtor.

21.     As for a description of the holders of secured claims against the Debtor, as of the Petition Date, RJPG-2011 LLC the ("Lender") holds a claim in the approximate amount of $2 million, exclusive of interest, and other costs and expenses, secured by all assets of the Debtor. Prepetition, the Lender acquired, by assignment, a $3 million secured loan facility provided to the Debtor by Manufacturers and Traders Trust Company ("M&T Bank"). The Lender is an entity formed to acquire the $3 million secured loan facility from M&T Bank. The holders of the membership interests in the Lender consist of certain principals of the Debtor.

22.     As of the Petition Date, the Debtor's existing senior management consists of (a) Gary Shafner, who has been a Manager in the Debtor since it was established in 2009 and a Manager in a predecessor company since 1999; (b) Peter Zackery, who has been a Manager in the Debtor since it was established in 2009 and a Manager in a predecessor company since 1999; (c) Rick Del Mastro, who has who has been a Manager in the Debtor since it was established in 2009 and a Manager in a predecessor company since 1999; (d) Chris Serino, who has been employed by the Debtor as its General Manager since it was established in 2009 and also served as the General Manager in a predecessor company since 2007; (e) Michael Montgomery, who has served as the Debtor's President since 2010; and (f) Mike Devito, who has been employed by the Debtor as its Operations Manager since it was established in 2009 and also served as the Operations Manager of a predecessor company since 2007.

23.     **Schedule 2**, annexed hereto, sets forth a list of the Debtor's assets and liabilities as of the Petition Date, unless otherwise indicated.

24.     The Debtor does not currently have any publicly held securities.

25.     None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

26.     **Schedule 3**, annexed hereto, sets forth a description of the Debtor's nonresidential real property leases.

27.     The Debtor's books and records are located at the company's headquarters in New York, New York and Los Angeles, California where its accounting and other functions are handled.

28.     **Schedule 4**, annexed hereto, sets forth a list of pending actions against the Debtor.

29.     It is estimated that the Debtor's salaries for its employees (exclusive of officers, directors and stockholders) for the thirty (30) day period following the Petition Date will total approximately $135,000.00.

30.     It is estimated that salaries for the Debtor's officers, directors and stockholders for the thirty (30) day period following the Petition Date will total approximately $35,883.00.

31.     It is anticipated that for the thirty (30) day period following the Petition Date, $1.1 million in the Debtor's revenues, accounts receivable, and miscellaneous income will be collected, and the following amounts will be disbursed:

| Expense | Amount |
|---|---|
| Payroll | $182,833 |
| Benefits (medical, union payables) | $12,000 |
| Cost of Revenue | $918,065 |
| Leasehold Obligations/Utilities | $15,655 |
| Other Operating Expenses/Miscellaneous | $5,140 |
| TOTAL | $1.1 million |

32.     Notwithstanding anything to the contrary contained in this Affidavit or any schedule annexed hereto, nothing in this Affidavit or any schedule is intended to be, or should be construed as, an admission with respect to (a) the liability for the amount of, the enforceability of or the validity of any claim, (b) the existence, validity, enforceability, or perfection of any lien, mortgage, charge, pledge or other grant of security for any claim or (c) the proper characterization of any transaction or financing as a sale or financing.

33.     The Debtor reserves the right to amend or supplement any of the attached schedules in the event additional information is obtained by the Debtor.

34.     The Debtor believes that the protection of the Bankruptcy Court will

enable it to maximize the value of its assets for the benefit of the estate and its creditors.

Dated: Los Angeles, California
          October 3, 2011

**CONTEST PROMOTIONS-NY LLC**
Debtor and Debtor-in-Possession

By:      _/s/ Gary Shafner_____
          Gary Shafner
          Member and Authorized Signatory

I, Gary Shafner, a Member and Authorized Signatory of Contest Promotions-NY LLC, hereby certify under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

           _/s/ Gary Shafner_____
          Gary Shafner
          Member and Authorized Signatory of
          Contest Promotions-NY LLC

## **Schedule 1**

# United States Bankruptcy Court
## Southern District of New York

In re    **Contest Promotions-NY LLC**            Case No.    **11-14652**

Debtor(s)      Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

       Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Environmental Control Board/ NYC Finance Commissioner**<br>**66 John Street - 9th Fl.**<br>**New York, NY 10038** | **Environmental Control Board/NYC Finance Commissioner**<br>**66 John Street - 9th Fl.**<br>**New York, NY 10038**<br>Fax: 212-361-1900 | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **1,541,200.00** |
| **Metropolitan Sign**<br>**& Rigging Corp**<br>**3436 Rombouts Ave.**<br>**Attn: Tina Kelly**<br>**Bronx, NY 10475** | **Metropolitan Sign & Rigging Corp**<br>**3436 Rombouts Ave.**<br>**Attn: Tina Kelly**<br>**Bronx, NY 10475**<br>Fax: 718-231-0003 | | | **75,877.71** |
| **Slater & Beckerman LLP**<br>**61 Broadway, Ste 1801**<br>**Attn: Stuart Beckerman**<br>**New York, NY 10006** | **Slater & Beckerman LLP**<br>**61 Broadway, Ste 1801**<br>**Attn: Stuart Beckerman**<br>**New York, NY 10006**<br>Fax: 212-391-8047 | | | **61,518.81** |
| **Atlantic Insurors Inc.**<br>**16-17 Route 208 South**<br>**Fair Lawn, NJ 07410** | **Atlantic Insurors Inc.**<br>**16-17 Route 208 South**<br>**Fair Lawn, NJ 07410**<br>Fax: 201-794-0971 | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **29,033.18** |
| **Marlene Lipiner**<br>**1 Elmwood Court**<br>**Plainview, NY 11803** | **Marlene Lipiner**<br>**1 Elmwood Court**<br>**Plainview, NY 11803**<br>Email: nchemia@hotmail.com | | | **5,833.31** |
| **The EBC Group**<br>**19 Janet Lane**<br>**Breezy Point, NY 11697** | **The EBC Group**<br>**19 Janet Lane**<br>**Breezy Point, NY 11697**<br>Email: ed@printingfactoryny.com | | | **1,458.93** |
| **269-271 East Houston, LLC**<br>**c/o Poch&Luckow, Howard Poch**<br>**40 Exchange Place, 16th Fl.**<br>**New York, NY 10005** | **269-271 East Houston, LLC**<br>**c/o Poch & Luckow, Howard Poch**<br>**40 Exchange Place, 16th Fl.**<br>**New York, NY 10005**<br>Fax: info@pochluckow.com | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |

In re    **Contest Promotions-NY LLC**                    Case No. _____

                             Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Braxton Engineering P.C.**<br>**c/o Smith&Krantz,J. Krantz Esq**<br>**122 E. 42nd St., Ste. 1518**<br>**New York, NY 10168** | **Braxton Engineering P.C.**<br>**c/o Smith&Krantz,J. Krantz Esq**<br>**122 E. 42nd St., Ste. 1518**<br>**New York, NY 10168**<br>Fax: 212-661-0413 | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| **Chelsea 21st Street Corp.**<br>**c/o SperberDenenberg, J Mantia**<br>**48 W. 37th St.,16th Fl.**<br>**New York, NY 10018** | **Chelsea 21st Street Corp.**<br>**c/o SperberDenenberg, J Mantia**<br>**48 W. 37th St.,16th Fl.**<br>**New York, NY 10018**<br>Fax: 917-351-1303 | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Undetermined** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

In re   **Contest Promotions-NY LLC**                                 Case No.   _____
<br>
                           Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

       I, the Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **October 3, 2011**                 Signature   */s/ Gary Shafner*
<br>
                                                     **Gary Shafner**
<br>
                                                     **Member**

     *Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

**Schedule 2**

*Contest Promotions-NY LLC*
*Pro Forma Balance Sheet*
*For the Month Ended*

|  | Sep-11 Actual CP, NY |
|---|---|
| **ASSETS** |  |
|  |  |
| Cash and Short Term Investments | 117,954 |
|  |  |
| **Other Current Assets:** |  |
| Accounts Receivable | 2,236,399 |
| Employee Advances | 9,476 |
| Prepaid Expenses | 44,324 |
| Other | 35,361 |
|  |  |
| **Total Other Current Assets** | **2,325,560** |
|  |  |
| **Total Current Assets** | **2,443,514** |
|  |  |
| **Other Assets:** |  |
| Security Deposits | 4,900 |
| Other Deposits and Affiliate Receivables | 321,008 |
|  |  |
| **Total Other Assets** | **325,908** |
|  |  |
| **Total Assets** | **2,769,422** |
|  |  |
| **LIABILITIES AND STOCKHOLDERS' EQUITY** |  |
|  |  |
| **Current Liabilities:** |  |
| Accounts Payable | 2,617,244 |
| Accrued Expenses | 123,000 |
| Accrued Wages and Vacation | 71,940 |
|  |  |
| **Total Current Liabilities** | **2,812,184** |
|  |  |
| **Long Term Liabilities:** |  |
| Due to Affiliate | 1,173,538 |
| Notes Payable | 1,991,056 |
| Loans | 1,898 |
|  |  |
| **Total Long Term Liabilities** | **3,166,492** |
|  |  |
| **Total Liabilities** | **5,978,676** |
|  |  |
| **Stockholders' Equity** |  |
| Retained Earnings | 185,889 |
| Shareholder Distributions | (26) |
| Net Income (Loss) | (3,395,117) |
|  |  |
| **Total Stockholders' Equity** | **(3,209,254)** |
|  |  |
| **Total Liabilities and Stockholders' Equity** | **2,769,422** |

<u>Schedule 3</u>

# Nonresidential Real Property Leases

**Contest Promotions-NY LLC Commercial Leases**

Select Office Suites (Landlord)
116 West 23rd Street, Suite 500
Rooms 19, 117, 128, 130, 136, 137
(or rooms of equal or greater size)
New York, NY 10011

Schedule 4

Pending Litigation

| **Opposing Party** | **Court and Case No.** | **Plaintiff's (or Appellant's) Counsel** |
|---|---|---|
| Chelsea 21st Street Corp. | Supreme Court of the State of New York, County of New York Index No. 651760/2011 | Sperber Denenberg & Kahan, PC 48 W. 37th Street, 16th Fl. New York, NY 10018 Attn: James C. Mantia, Esq. |
| Braxton Engineering P.C. | Supreme Court of the State of New York, County of New York Index No. 109984/11 | Smith & Krantz, LLP 122 East 42nd Street, Ste. 1518 New York, NY 10168 Attn: Jeremy J. Krantz, Esq. |
| New York City Department of Buildings, Robert D. LiMandri in his Official Capacity as Commissioner of the New York City Department of Buildings; and City of New York | New York Supreme Court Appellate Division: First Department Index No. 112333/10 | Michael A. Cardozo, Corporation Counsel of the City of New York 100 Church Street New York, NY 10007 Attn: Francis F. Caputo, Esq. |
| Outdoor Media Corp. | Supreme Court of the State of New York, County of New York, Index No. 650837/11 | Kestenbaum, Dannenberg & Klein 104 West 40th Street (20th Floor) New York, New York 10018 Attn: Jeffrey C. Dannenberg, Esq. |

**<u>Exhibit B</u>**

**RESOLUTIONS ADOPTED BY A MAJORITY OF MEMBERS**
**OF CONTEST PROMOTIONS-NY LLC**
**IN LIEU OF A SPECIAL MEETING OF MEMBERS**

In accordance with New York Limited Liability Company Law, Article 4, § 407, the undersigned, constituting a majority of the members and membership interests of Contest Promotions-NY LLC, a New York limited liability company (the "<u>Company</u>") hereby consent to the adoption of the following resolutions taking or authorizing the actions specified:

"RESOLVED, that the filing by the Company of a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101, *et seq.*, now in effect or as hereinafter amended (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Southern District of New York be, and it hereby is, authorized and approved; it is

FURTHER RESOLVED, that the Company is hereby authorized to execute a petition for relief under the Bankruptcy Code ("<u>Petition</u>"); it is

FURTHER RESOLVED, that any officer or manager of the Company be, and hereby is, authorized to execute and file as officer or manager of the Company a Petition; it is

FURTHER RESOLVED, that any officer or manager of the Company be, and hereby is, authorized, on behalf of the Company, to retain the law firm of Halperin Battaglia Raicht, LLP, as bankruptcy counsel to the Company, to render legal services to, and to represent the Company in connection with such proceeding and other related matters in connection therewith, on such terms as such officer or manager shall approve; it is

FURTHER RESOLVED, that any officer or manager of the Company be, and hereby is, authorized, on behalf of the Company, to retain the law firm of Gibson, Dunn & Crutcher, as special litigation counsel to the Company, to render legal services to, and to represent the Company in connection with such legal actions and proceedings as the Debtor may request, on such terms as such officer or manager shall approve; it is

FURTHER RESOLVED, that any officer or manager of the Company be, and hereby is, authorized, on behalf of the Company, to retain special litigation counsel to the Company, to render legal services to, and to represent the Company on such terms as such officer or manager shall approve; it is

FURTHER RESOLVED, that any officer or manager of the Company be, and hereby is, authorized, to take any and all such further action to retain any other professionals and/or consultants in the Chapter 11 bankruptcy case on behalf of the Company and to execute and deliver any and all such further retainer agreements, instruments and documents as necessary or desirable in order to fully carry out the intent and accomplish the purposes hereof; it is

(continued below)

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any officer or manager of the Company by virtue of these resolutions are hereby in all respects ratified, confirmed and approved and each officer and manager of the Company, is hereby authorized and directed to execute and deliver any and all agreements, certificates, instruments and documents, and to do and perform all acts and things, as they may, in their discretion, deem necessary or appropriate to carry out the intent of, and to accomplish the purposes of, the foregoing Resolutions and the transactions contemplated hereby.

Dated: _____, 2011

RICK DEL MASTRO,
33.33% Member of Contest Promotions-NY LLC

By:_____
Rick Del Mastro

Dated: _October 3_, 2011

PETER ZACKERY,
16.67% Member of Contest Promotions-NY LLC

By:_____
Peter Zackery

Dated: _October 3_, 2011

GARY SHAFNER,
16.67% Member of Contest Promotions-NY LLC

By:_____
Gary Shafner

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any officer or manager of the Company by virtue of these resolutions are hereby in all respects ratified, confirmed and approved and each officer and manager of the Company, is hereby authorized and directed to execute and deliver any and all agreements, certificates, instruments and documents, and to do and perform all acts and things, as they may, in their discretion, deem necessary or appropriate to carry out the intent of, and to accomplish the purposes of, the foregoing Resolutions and the transactions contemplated hereby.

Dated: October 3 , 2011

RICK DEL MASTRO,
33.33% Member of Contest Promotions-NY LLC

By: _____
    Rick Del Mastro

Dated: _____, 2011

PETER ZACKERY,
16.67% Member of Contest Promotions-NY LLC

By:_____
    Peter Zackery

Dated: _____, 2011

GARY SHAFNER,
16.67% Member of Contest Promotions-NY LLC

By:_____
    Gary Shafner

# **Exhibit C**

# United States Bankruptcy Court
## Southern District of New York

In re     **Contest Promotions-NY LLC**                               ,     Case No.     **11-14652**

                                               Debtor

Chapter                **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Gary Shafner**<br>**1108 Pacific Avenue**<br>**Venice, CA 90291** | | **16.67%** | **Membership Interest** |
| **James R. Rodgers**<br>**12 Twin Brooks Road**<br>**Saddle River, NJ 07458** | | **33.33%** | **Membership Interest** |
| **Peter Zackery**<br>**1324 Marinette Road**<br>**Pacific Palisades, CA 90272** | | **16.67%** | **Membership Interest** |
| **Rick Del Mastro**<br>**52 East End Avenue**<br>**New York, NY 10028** | | **33.33%** | **Membership Interest** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

       I, the Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **October 3, 2011**                        Signature   **/s/ Gary Shafner**

                                                                **Gary Shafner**
                                                                   **Member**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

**0**    continuation sheets attached to List of Equity Security Holders

269-271 EAST HOUSTON, LLC
C/O POCH&LUCKOW, HOWARD POCH
40 EXCHANGE PLACE, 16TH FL.
NEW YORK, NY 10005


ATLANTIC INSURORS INC.
16-17 ROUTE 208 SOUTH
FAIR LAWN, NJ 07410


BALBER PICKARD ET AL.
1370 AVE. OF THE AMERICAS
NEW YORK, NY 10019-4602


BRAXTON ENGINEERING P.C.
C/O SMITH&KRANTZ,J. KRANTZ ESQ
122 E. 42ND ST., STE. 1518
NEW YORK, NY 10168


CHELSEA 21ST STREET CORP.
C/O SPERBERDENENBERG, J MANTIA
48 W. 37TH ST.,16TH FL.
NEW YORK, NY 10018


CITY OF NEW YORK, FINANCE COMM
PO BOX 2307
PECK SLIP STATION
NEW YORK, NY 10272


ENVIRONMENTAL CONTROL BOARD
66 JOHN STREET - 9TH FL.
NEW YORK, NY 10038


GARY SHAFNER
1108 PACIFIC AVENUE
VENICE, CA 90291


JAMES ROGERS
C/O CONTEST PROMOTIONS-NY
49-51 W. 23RD ST.
NEW YORK, NY 10010


MARLENE LIPINER
1 ELMWOOD COURT
PLAINVIEW, NY 11803

```
METROPOLITAN SIGN & RIGGING CO
3436 ROMBOUTS AVE.
BRONX, NY 10475


NATIONAL PROMOTIONS ASSOC, INC
3434 OVERLAND AVENUE
LOS ANGELES, CA 90034


NATIONAL PROMOTIONS ASSOC, LLC
3434 OVERLAND AVENUE
LOS ANGELES, CA 90034


NATIONAL PROMOTIONS ASSOCIATES
3434 OVERLAND AVE.
LOS ANGELES, CA 90034


OUTDOOR MEDIA CORP.
C/O KESTENBAUM,DANNENBERG ETAL
104 WEST 40TH ST., 20TH FL.
NEW YORK, NY 10018


PETER ZACKERY
1324 MARINETTE ROAD
PACIFIC PALISADES, CA 90272


RICK DEL MASTRO
52 EAST END AVENUE
NEW YORK, NY 10028


RJPG-2011 LLC
C/O CITY OUTDOOR USA, INC.
1333 BROADWAY, SUITE 506
NEW YORK, NY 10018


SLATER & BECKERMAN LLP
61 BROADWAY, STE 1801
ATTN: STUART BECKERMAN
NEW YORK, NY 10006


THE EBC GROUP
19 JANET LANE
BREEZY POINT, NY 11697
```

# United States Bankruptcy Court
## Southern District of New York

In re   **Contest Promotions-NY LLC**     Case No.   **11-14652**

Debtor(s)     Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **October 3, 2011**     **/s/ Gary Shafner**

**Gary Shafner**/**Member**
Signer/Title